FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

2016 NOV 14 PM 3: 05

JACKSONVILLE Division

AMENDED CIVIL RIGHTS COMPLAINT FORM

MICHAEL EUGENE GRIMAGE

PRISON NUMBER: 415545

CASE NUMBER: 3:16-CV-1027-J-32JRK
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

SERGEANT I. TOMLINSON          NURSE POLLARD

OFFICER J. HERRING             C. NEEL

OFFICER JOHN DILL              T. GIBSON

NURSE CHISOLM                  A. DOBBS

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. **PLACE OF PRESENT CONFINEMENT:** FLORIDA STATE PRISON; POST OFFICE
   (Indicate the name and location)
   BOX 800; RAIFORD, FLORIDA 32083

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES:** Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

III. **PREVIOUS LAWSUITS:**

LEGAL MAIL
PROVIDED TO JF
FLORIDA STATE PRISON
DATE 11-9-16 FOR MAILING.
INMATES INITIALS MG

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?  Yes (X)  No ( )

B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?  Yes ( )  No (X)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1. Parties to previous lawsuit:

      Plaintiff(s): _MICHAEL GRIMACE_

      Defendant(s): _DEPARTMENT OF CORRECTIONS' SECRETARY_

   2. Court (if federal court, name the district; if state court, name the county):

      _SECOND JUDICIAL CIRCUIT OF FLORIDA: LEON COUNTY_

   3. Docket Number: _2016-CA-1326_

   4. Name of judge: _HONORABLE JAMES C. HANKINSON_

   5. Briefly describe the facts and basis of the lawsuit: _PLAINTIFF WAS DEPRIVED OF A COPY OF DISCIPLINARY REPORTS, AND A OPPORTUNITY TO CALL WITNESSES, BECAUSE INVESTIGATOR OF REPORTS DID NOT INTERVIEW._

   6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): _PENDING_

   7. Approximate filing date: _JUNE 27, 2016_

   8. Approximate disposition date: _PENDING_

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

identify these suits below by providing the case number, the style, and the disposition of each case: 2:12-CV-14329-DLG, CIVIL RIGHTS COMPLAINT, CASE WAS CLOSED (JUNE 15, 2015) BECAUSE DISCIPLINARY REPORT BY DEFENDANT (ALLEGING THAT INJURIES WERE SELF-INFLICT) WERE NOT OVERTURNED

IV.  **PARTIES:** In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.  Name of Plaintiff: MICHAEL EUGENE GRIMAGE

   Mailing address: FLORIDA STATE PRISON; P.O. BOX 800; RAIFORD, FLORIDA 32083

B.  Additional Plaintiffs: NOT APPLICABLE

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.  Defendant: SERGEANT I. TOMLINSON

   Mailing Address: HAMILTON CORRECTIONAL INSTITUTION - ANNEX; 10650 S.W. 46th STREET; JASPER, FLORIDA 32052

   Position: CORRECTIONAL OFFICER SUPERVISOR

   Employed at: HAMILTON CORRECTIONAL INSTITUTION

D.  Defendant: NURSE CHISOLM

   Mailing Address: FLORIDA STATE PRISON; P.O. BOX 800; RAIFORD, FLORIDA 32083

Position: REGISTERED NURSE

Employed at: FLORIDA STATE PRISON

E. Defendant: NURSE POLLARD

Mailing Address: FLORIDA STATE PRISON ; P.O. BOX 800 ; RAIFORD, FLORIDA 32083

Position: REGISTERED NURSE

Employed at: FLORIDA STATE PRISON

F. Defendant: C. NEEL

Mailing Address: 501 SOUTH CALHOUN STREET ; TALLAHASSEE, FLORIDA 32399

Position: REPRESENTATIVE OF THE SECRETARY

Employed at: FLORIDA DEPARTMENT OF CORRECTIONS' SECRETARY OFFICE

G. Defendant: T. GIBSON

Mailing Address: FLORIDA STATE PRISON ; P.O. BOX 800 ; RAIFORD, FLORIDA 32083

Position: GRIEVANCE RESPONDENT

Employed at: FLORIDA STATE PRISON

H. Defendant: A. DOBBS

Mailing Address: P.O. BOX 800 ; RAIFORD, FLORIDA 32083, AT Florida State Prison

Position: GRIEVANCE COORDINATOR

Employed at: FLORIDA STATE PRISON

DC 225 (Rev 2/2012)

4

Defendant: OFFICER J. HERRING

Mailing Address: HAMILTON CORRECTIONAL INSTITUTION - ANNEX;
10650 S.W. 46th STREET; JASPER, FLORIDA 32052

Position: CORRECTIONAL OFFICER

Employed at: HAMILTON CORRECTIONAL INSTITUTION

Defendant: OFFICER JOHN DILL

Mailing Address: HAMILTON CORRECTIONAL INSTITUTION - ANNEX;
10650 S.W. 46th STREET; JASPER, FLORIDA 32052

Position: CORRECTIONAL OFFICER

Employed at: HAMILTON CORRECTIONAL INSTITUTION

V. **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. **Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.**

Under the Color of State Law, the alleged Defendant(s) have violated Plaintiff's Due Process and Constitutional Amendment Rights by:
1. Due Process: Plaintiff is continuously being deprived of an opportunity to "Preserve" physical evidence. (video, audio, witnesses) by Grievance Authorities, of whom, refuse to review (or admit to viewing) Defendants' incriminating video footage and intentional (continue 5(A))

VI. **STATEMENT OF FACTS:** State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

1. I. Tomlinson - Sergeant; on March 3, 2016, at Hamilton Correctional Institution - ANNEX, approached Plaintiff, after he was instructed to step out of line, with inmates, returning to their assigned housing from recreation area. Defendant J. Dill instructed Plaintiff to submit to hand restraints, after all G-dorm inmates had exited area and gate was secured. Plaintiff inquired as to reason for order (handcuffing). Plaintiff was immediately grabbed from behind and slammed to the ground by Defendant J. Herring and choked. Subsequently, Plaintiff was handcuffed and Defendant Tomlinson, with his knee on Plaintiff's neck, (continue 5(B))

## STATEMENT OF CLAIM (cont.)

denial to allow Plaintiff to list witnesses, by refusing interview and falsifying documents alleging Plaintiff refuse to participate in the investigation (and refusual to Preserve video of alleged investigation) and "Medical Personnel(s)" depriving Plaintiff medical treatment for injuries of chronic and severe pains, that are affecting his usual daily activities, by refusing to refer Plaintiff's Sick-Call Request to a Physician for further examination of "Repetitive Requests" and denial of prescribed medication (by a Physician) for eyes and stomach (other related injuries caused by Defendants), and being "deliberately indifferent" upon prison officials requests.

2. Eighth Amendment: Plaintiff was kicked and punched, while and after, being handcuffed (facedown on the ground), repeatedly, and strangled to unconsciousness, by Defendants Herring, Tomlinson, and Dill, causing swelling in face, stomach, leg, etc. and fractured Plaintiff's jaw and foot, by this sadistic act. See Hudson v. McMillian, 503 U.S. 1 (1992). Also Plaintiff has loss substantial vision in his left eye.

5 (A)

## STATEMENT OF FACT (CONT.)

broke seal on his chemical agent canister and sprayed it directly in the mouth, while Plaintiff was exclaiming he can't breathe. Plaintiff begin to struggle in panic and was strangled to unconsciousness by Defendant Herring, and then awakened by the brutal beating of Dill, Tomlinson, and Herring (kicked and punched). Plaintiff sustained fractures to his jaw and foot, knee and wrist injury, and swelling and bleeding in stomach, and partly loss of eyesight, due to this unlawful use of force. Also the Inspector General has twice refused to provide Plaintiff with outcome investigation (requested by notarized letters). Grievance log #16-6-11890 was processed and perfected concerning this incident(s).


2. J. Herring - Correctional Officer at Hamilton Correctional Annex, on March 3, 2016, approached Plaintiff, after he was ordered to get out of line. Hereat, Plaintiff was surrounded and instructed to submit to handcuffing. When inquiring "why", Defendant Herring grabbed Plaintiff around his waist, lifted, and bodyslammed him, holding him to the ground while someone secured handcuffed him, and others broke seals of canisters of chemical agent and sprayed him. After being sprayed directly in the mouth, causing a depletion of breath, Plaintiff begin to struggle, and thats when Herring released my waist and then put his forearm around my neck, applying pressure, thus causing me to be unconscious. Plaintiff regained consciousness due to the kicking and punching of Defendant(s) Dill, Tomlinson, and Herring, in his face and body. Defendant Herring then grabbed my left leg and twisting and screaming "motherfucker", until someone yelled "The Warden". Hereafter, during escorting and placing in shower cubicle for "decontamination", Herring forcefully kick or shoved Plaintiff in cubicle (while handcuffed) causing him to dislocate shoulder. Plaintiff has suffered fractures and chronic pains due to unlawful use of force. Grievance process was perfected (log #16-6-11890), but no outcome has been relayed.

3. John Dill - Correctional Officer, on March 3, 2016, at Hamilton Correctional Institution-Annex, approached and instructed Plaintiff to step out of line. When Plaintiff asked why, Defendant Dill stated "cause I said so", and immediately grabbed his canister of chemical agent. With this distraction (grabbing canister), Defendant Herring grabbed Plaintiff from behind, and slammed him to the ground. At this time, Defendants (Dill, Tomlinson, and unknown officer) broke the seal on their canisters and begin to spray me with chemical agent "after" I was handcuffed. When Plaintiff begin to struggle for air, Defendant Herring choked him to unconsciousness. Upon being awakened (by kicks and punches from Defendants Dill, Herring, and Tomlinson), Defendant Dill stated during mid-assault "this is what happens when you don't keep quiet". Plaintiff suffered fractures to jaw and foot, bleeding in abdomen, and permanent loss of perfect envision. Grievance process has been perfected (Log# 16-6-11896), and Plaintiff was hospitalized at Shands Starke Hospital on March 4, 2016 for said injuries.

4. Nurse Chisolm - Registered Nurse at Florida State Prison, on April 29, 2016, declared that Plaintiff will not see a doctor for chronic pains in wrist, fingers, knee, and swelling in leg (for which a physician at another facility prescribed stocking to contain swelling) because of a complaint I filed against her co-worker/friend (Tollick) for her insubordination to my other medical needs. Also, on May 11, 2016, Defendant Chisolm refused to order prescribed eyedrops (written direction by eye specialist), intent on causing Plaintiff pain and suffering, with a deliberate indifference. As a result of these neglects, Plaintiff is unable to apply any real pressure to his left wrist, left knee is not as reflexible as prior to use of force, and eyes are constantly dry and irritable, causing vision deficiency. Plaintiff has perfected Grievance process (Log#s 16-6-26682, 16-6-41784) without remedy[1].

((1) Grievance log# 16-6-41784 was returned to Plaintiff on November 4, 2016, beyond time to refile)

6

5. Nurse Pollard - Registered Nurse at Florida State Prison, on August 26, 2016, refused to administer medical treatment to Plaintiff's severe stomach pain and respiratory difficulties, during an "Emergency Declaration", stating, because Plaintiff is unable to sit up straight, she demanded that I be taken back to my housing unit without any treatment. Also, on October 14, 2016, upon returning from eye specialist with another prescription for eyedrops (first one denied by Defendant Chisolm), Defendant Pollard malignantly stated "I hope you go completely blind", and refused to order prescribed eyedrops. Also as result of these negligence, Plaintiff has a permanent swelling in his left-side abdomen that is causing chronic and sharp pains, respiratory problems, and constant failing of vision in left eye. Also Defendant Pollard lied and said her name was "Holland" (just as Chisolm said her name was Alverez) to defect grievance. Grievance process was perfected (Log #'s 16-6-37378, 16-6-41784) without remedy due to alleged "inadvertent errors and delayed returning of Response by Grievance Coordinator at current facility.

6. A. Dobbs - Grievance Coordinator at Florida State Prison, on May 3, 2016 and September 30, 2016 (Grievance Log #'s 16-6-20328, 16-6-41784), maliciously and intentionally redirected grievances filed "directly" to the Warden (sealed in envelopes with Warden name on it, due to prior misfilings by Grievance Office at Florida State Prison), by addressing them to the Office of the Secretary, to be declared "inadvertently" sent, and delayed upon return, by Defendant Dobbs, to warrant Plaintiff's ineligibility to refile for-relief. On May 13, 2016 (Grievance Log # 1605-205-111), Defendant Dobbs indifferently misrepresented the Department's Rule; by returning Plaintiff's grievance without action, intentionally; to deprive him an opportunity to have video/audio evidence "Preserved" (per Procedure 602.033) before "retention date expired".

7

that will clearly show injuries and excessive force by Defendant Herring (H-dorm video); to delay this processing beyond Retention Date". These treasons committed by Defendant Dobbs, has caused Plaintiff to possibly: (if Inspector General does not adhere to formal request) be denied physical evidence to present to this Court; serious and/or permanent injury or disability due to untreated ailment(s); and denied the names of the other two (2) culprits involved in the unlawful use of force enacted upon me. The grievance process has been perfected about these issues (log# 16-6-22852) without just remedies.

7. T. Gibson - Grievance Responding Employee, at Florida State Prison, has intercepted four (4) Grievances of Plaintiffs, in an attempt to interfere with his request to: I) preserve physical evidence (video, audio, photos, names of potential defendants, etc.), and II) to seek medical and mental health assistance.; and has violated his Due Process Rights in the process. On March 31, 2016, Plaintiff submitted a grievance (log# 1603-205-306) directly to Warden Palmer, to inform him that I had submitted a informal grievance to preserve video/audio, of unlawful use of force, committed on March 3, 2016, to attempt to follow Procedure 602.033's procedure to formally request preservation of video evidence.; prior to expiration date to dispossess. Defendant Gibson returned grievance without action sinisterly, by responding I had to informally address issue first, even after I clearly stated I did not recieve a response to the one sent on March 10, 2016, asking for the Warden's cooperation specifically. On April 5, 2016, Plaintiff submitted a informal grievance (log# 205-1604-0159), directly to Video Storage Personnel, of whom never recieved it, requesting to preserve video, that will clearly show that Investigating Officer refuse to allow me to participate in the investigation of the incidents in the instant case. Defendant Gibson declared (without citing Rule), that I had to present a "letter" to preserve such evidence, or a

8

"Notice of Intent to Sue", in his denial of the Request. <u>On April 26, 2016</u>, (log# 205-1604-0634) Defendant Gibson refused to provide request, <u>directed</u> to the Investigators, asking for names of officers involved in use of force in the instant case, to further Plaintiff's litigation. This request was denied stating "no inmate can have access to this information, without exceptional needs", of which I did (for investigation and litigation). <u>On August 2, 2016</u>, I was denied access to Mental Health Counselor, in grievance log# 205-1608-0107, informing them of Defendant Gibson's devious antics to deprive medical treatment and physical evidence to Plaintiff. Gibson returned grievance stating I argued too many issues in one grievance against him. On <u>August 3, 2016</u>, Plaintiff submitted a grievance (log# 205-1608-0151) to Defendant Gibson, informing him that he was hindering my progress to secure physical evidence and violating my Due Process Right. Gibson denied grievance stating "he could answering any grievance unrelated to his profession by Rule of the Florida Department of Corrections. Plaintiff perfected the grievance process concerning these issues (log#'s 16-6-19165 and 16-6-20328, "a grievance that somehow "mysterious" got put in a sealed envelope; sent to the Office of the Secretary; that was addressed to the Warden; and then returned to me (June 3, 2016) beyond the date to eligibly refile (June 1, 2016)", alleging <u>inadvertent error in forwarding</u>), thus denying remedies.

C. Neel - Representative for the Secretary of the Florida Department of Corrections, in the Appeal Unit (Tallahassee), on May 9, 2016, Defendant Neel returned Plaintiff's appeal (grievance log# 16-6-19165) "without action", that declared a press for time to preserve evidence, before their retention dates expired, and showing on the face of the record, how Defendant Gibson was delaying this process, by denying requests unprecedently, to Rules and Procedure (602.033) set forth by this Department, to deny preservation of evidence. Defendant Neel declared in

9

his response that "Appeals must be recieved within 15 day of response". Plaintiff recieved formal grievance log# 1603-205-306 on April 11, 2016 (tardy of date alleged to have mailed) and grievance log# 205-1604-0159 on April 15, 2016, well within timeframe to submit to the Administrative Office a "Emergency/Reprisal Grievance" (which at the beginning of this grievance Plaintiff clearly alleged press for time to preserve evidence and Institution refusal to cooperate; requirements under Rule 33-103.007(6)(a)(1)), and was deprived due process to preserve said evidence. On June 8, 2016, Defendant Neel also returned Appeal (log#16-6-22852) without action and no regards to Plaintiff showing, from the face of the records, that he was in compliance with Rule 33-103.005(4), because his grievance (log#1605-205-111) was recieved on May 12, 2016, and the last informal grievance I filed (April 19, 2016) had not been "responded" to, as stipulated by Rule (within 10 days), thus causing Plaintiff irreparable injury to retain essential evidence, showing his Eighth Amendment Right being violated. Plaintiff have sought assistance from the Office of Governor (Scott), and Office of Inspector General of Department of Corrections to preserve, without a response from either Office. Also, Defendant Neel delayed my Medical Grievance (log#16-6-26622), recieved on June 13, 2016, for two and a half (2½) month (beyond Rules and Procedure), before reluctantly giving it to the Director of Health Service to respond to, causing Plaintiff ailment to worsen and to be damaged permanently, without possible repair. Grievance has been petected (log# 16-6-21674 and 16-6-37378)

## REMEDY SOUGHT

That this Court award compensatory damage for physical injuries; that have been left untreated; pain and suffering Plaintiff is enduring; due

to Medical Staff's deliberate indifference in a attempt to conceal injuries; to aid in covering for prison officials malicious act; and for possible repair or restoration of injuries, back to functional use, prior to excessive force, by a professional physician(s) outside the Department of Corrections) in the amount of $239,000. Also award punitive damage for prison official and medical staff and grievance responder for violating my Rights intentionally with premeditated motive to cause harm to Plaintiff. To sanction defendant who caused or allowed physical evidence to be terminated due to indifference. In their individual and official capacity for this suit.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this 4th day of November, 2016.

_____
Michael Eugene Drumage
(Signatures of all Plaintiffs)

**IF MAILED BY PRISONER:**
I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on: the 9th day of November, 2016.

DC 225 (Rev 2/2012)